IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OMARI TROY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:11-CR-0287-SCJ-GGB-2 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2517-SCJ-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Omari Troy, an inmate at the United States Penitentiary in Coleman, Florida, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his 115-month sentence that was imposed on November 29, 2011, following the entry of his guilty plea. [Docs. 77, 96, 112]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Troy's § 2255 motion and the record in this case and find it plainly apparent that Troy is not entitled to relief for the reasons explained below.

AO 72A
(Rev.8/82)

I. Background

On August 17, 2011, Troy entered a non-negotiated plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), Count 7 as charged in the indictment. [Docs. 62, 111]. At the plea hearing, the Government was directed to advise the Court within three weeks if it intended to dismiss or proceed to trial on the remaining counts. [Doc. 111 at 19].

On September 27, 2011, Troy entered a negotiated plea of guilty to Count 7. [Docs. 77, 112]. At the plea hearing, Troy's attorney stated that, although Troy had already pled guilty to Count 7, Troy was "laying a plea agreement on top of it in order to induce the Government to dismiss the other counts." [Doc. 112 at 2]. In his plea agreement, Troy waived the right to appeal or collaterally attack his conviction and sentence. [Doc. 77-1 at 7]. However, Troy reserved the right to appeal an upward departure or a variance from the sentencing guideline range as calculated by the district court. [*Id.*]. Troy also reserved his right to appeal if the Government appealed the sentence. [*Id.*]. On November 29, 2011, the district judge sentenced Troy to 115 months of imprisonment. [Docs. 96, 113].

Troy appealed [Doc. 100], and on August 17, 2012, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal pursuant to the appeal waiver in Troy's plea agreement. [Doc. 124].

On July 31, 2013, Troy filed a § 2255 motion, raising the following grounds for relief:

1. ineffective assistance of counsel at sentencing because the sentence was "manipulated" and Troy received points for possession and points for the serial numbers being "obliterated" from the weapons;

2. Troy's due process rights were violated when he was charged in the presentence investigation report ("PSR") with points for the "dropped counts" regarding the weapons and obliterated serial numbers;

3. "illegal sentence manipulation and enhancement" based on the added points at sentencing for manipulation and obliterated serial numbers; and

4. "knowingly involuntarily of acceptance" in that Troy did not knowingly enter a plea to the sentence manipulations.

[Doc. 126].

II. Discussion

The right to collaterally attack a sentence, including § 2255 motions that raise ineffective assistance of counsel, may be voluntarily and knowingly waived. *Williams*

3

*v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342. For a waiver to be valid, the district court must specifically question the defendant to ensure that he or she understands the waiver, or it must be manifestly clear from the record that the defendant understood he or she was waiving the right to appeal. *Id.*; *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

In this case, Troy signed the plea agreement that contained the following waiver:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 77-1 at 7].

Troy also signed a separate certification that stated the following, "I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." [*Id.* at 9].

At the plea hearing, the Government summarized the terms of the plea agreement and described the limited waiver of appeal. [Doc. 112 at 8]. In addition, the district judge specifically questioned Troy about the waiver during the guilty plea hearing:

> THE COURT: Do you understand that under some circumstances you or the Government may have the right to appeal any sentence I may impose?
>
> TROY: Yes, sir.
>
> THE COURT: Do you understand as a part of your plea agreement you are giving up your right to appeal your sentence unless there is an upward departure from the guidelines or an appeal by the Government?
>
> TROY: Yes, sir.
>
> THE COURT: Has anyone used any force or threat of force to get you to give up the right to appeal your sentence?

5

>TROY:  No, sir.
>
>THE COURT:  Other than the plea agreement has anyone made a promise to you that caused you to give up the right to appeal your sentence?
>
>TROY:  No, sir.
>
>THE COURT:  Are you giving up your right to appeal freely and voluntarily?
>
>TROY:  Yes, sir.

[*Id.* at 15].

As clearly evidenced by the signed plea agreement and the questioning by the district judge during the plea hearing, Troy understood the full significance of the waiver.  Thus, his waiver is valid.

A defendant's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.  *See Patel v. United States*, 252 F. App'x 970, 974–75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel); *Cowart v. United States*, 139 F. App'x 206, 208 (11th Cir. 2005).  Troy's claims, including his ineffective assistance of counsel

6

claims, deal with sentencing issues and not the negotiation of the plea or the waiver. Thus, Troy's waiver of his rights to challenge his sentence is controlling with respect to the grounds for relief that he raises in his motion. Troy cannot circumvent the terms of his plea agreement because he does not like the outcome at sentencing.

To the extent that Troy is alleging that his plea was not knowingly and voluntarily entered, the claim is belied by the plea hearing transcript. "When a district court accepts a guilty plea, it must ensure that the three core concerns of Rule 11 of the Federal Rules of Criminal Procedure have been met: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (internal quotations and citations omitted).

Troy entered a guilty plea to Count 7 twice–the first time as a non-negotiated plea and the second time pursuant to a plea agreement. [Docs. 62, 70, 77, 111, 112]. During both plea hearings, the district judge explained to Troy the rights that he was giving up by entering a guilty plea, and Troy indicated that he understood those rights. [Doc. 111 at 4-10; Doc. 112 at 4-12]. The district judge also verified that Troy understood the charges against him and had not been threatened or coerced into

7

pleading guilty, and that Troy's plea was supported by a sufficient factual basis. [Doc. 111 at 7, 10, 16-18; Doc. 112 at 9, 12-13, 16-17]. *See* Fed. R. Crim. P. 11(b)(3) (before accepting a guilty plea, a district court "must determine that there is a factual basis for the plea"). Troy admitted that he was in fact guilty of being a convicted felon in possession of a firearm. [Doc. 112 at 13, 17].

Troy was informed of the maximum term of imprisonment for his crime, which was ten years, and the district judge informed Troy that it was not possible to determine the guidelines for his case until after the PSR was completed and that the judge has the authority to impose a sentence that's more severe or less severe than the sentence called for in the guidelines. [*Id.* at 13-14]. Troy indicated that he understood that he would be bound by the plea if the sentence was more severe than he expected and that, if the district judge did not accept the sentencing recommendation, he was still bound by the plea. [*Id.* at 16]. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false." *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted). Troy has

not satisfied this burden. Thus, any claim that his plea was not knowingly or voluntarily entered is without merit.

III.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Troy has failed to make a substantial showing of the denial of a constitutional right. Troy waived the right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Omari Troy's § 2255 motion [Doc. 126] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 24th day of October, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)