IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OMARI TROY, | : | MOTION TO VACATE |
| BOP Reg. # 62958-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION FILE |
| v. | : | NO. 1:11-CR-287-SCJ-GGB-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION FILE |
| Respondent. | : | NO. 1:13-CV-2517-SCJ |

## ORDER

The matter is before the Court for consideration of the Final Report and Recommendation (R&R) of Magistrate Judge Gerrilyn G. Brill [Doc. No. 128] and Movant's objections thereto [Doc. No. 130].

The District Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). Portions of the R&R to which no objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

Magistrate Judge Brill explained that (1) Movant's plea agreement contained an appeal waiver, and (2) Movant was specifically questioned about the waiver during the plea colloquy. [Doc. No. 128 at 4-6.] Magistrate Judge Brill concluded that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and

sentence. [*Id.* at 6-7.] Magistrate Judge Brill also concluded that Movant knowingly and voluntarily pleaded guilty. [*Id.* at 7-9.] Therefore, Magistrate Judge Brill recommended that the § 2255 motion be denied and a certificate of appealability be denied. [*Id.* at 9-10.]

In his objections, Movant states that he received ineffective assistance of counsel and therefore "could not have known the significance" of the appeal waiver. [Doc. No. 130 at 1-2.] However, as Magistrate Judge Brill explained, Movant indicated during the plea colloquy that he (1) understood the charge and the consequences of his guilty plea, (2) understood that the sentence could be more severe than expected and had not been promised any particular sentence, and (3) was guilty of the crime charged. [Doc. No. 128 at 7-8.] Movant has not produced any evidence to satisfy his "heavy burden" of showing that his statements under oath during the plea colloquy were actually false. *See United States v. Garcia*, 322 F. App'x 918, 919 (11th Cir. 2009) (per curiam). Therefore, Movant fails to show that his guilty plea was unknowing and involuntary. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

Accordingly, Movant's objections [Doc. No. 130] are **OVERRULED** and the Magistrate Judge's R&R [Doc. No. 128] is **ADOPTED** as the Opinion and Order of this Court. The § 2255 motion [Doc. No. 126] is **DENIED** and a certificate of appealability is

**DENIED.** Civil action number 1:13-cv-2517-SCJ is now **TERMINATED.**

**IT IS SO ORDERED**, this 19th day of August, 2014.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE